**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| RICHARD LUCAS, JR. | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|    v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:13-CR-0114-WSD-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:17-CV-2478-WSD-JFK |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered in this Court under the above criminal docket number. The matter is before the Court on the motion to vacate [42], Respondent's motion to dismiss [45] the motion as untimely, and Movant's response [48] to the motion to dismiss.

**I.   Background**

By judgment entered on April 9, 2014, the Court imposed on Movant a total 135-month term of imprisonment. (J., ECF No. 41). The record does not show that Movant filed a direct appeal.

On June 17, 2017, Movant submitted his § 2255 motion for filing. (Mot. to Vacate at 14, ECF No. 42). Therein, Movant asserts (1) that under Mathis v. United

States, _ U.S. _, 136 S. Ct. 2243 (2016); Johnson v. United States, _ U.S. _, 135 S. Ct. 2551 (2015); Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015), cert. granted, _ U.S. _, 137 S. Ct. 31 (2016); and United States v. Dean, 169 F. Supp. 3d 1097 (D. Or. 2016), his prior Georgia convictions no longer qualify as predicates for sentencing purposes and (2) that his motion is timely under § 2255(f)(3). (Mot. to Vacate at 5, 13; Mov't Mem. at 1-2, ECF No. 42-1).[1]

Respondent argues, *inter alia*, that this action should be dismissed as untimely because it was not filed within one year of Johnson and because Mathis, Dimaya, and Dean do not restart the federal one year limitations period under § 2255(f)(3). (Mot. to Dismiss at 5-6, ECF No. 45). In response, Movant appears to argue that his motion is timely under Mathis, which he asserts is a substantive ruling that should apply retroactively, and also states that the Court should stay this action until the United

---

[1]In the closing section of his memorandum, Movant also asserts that he is entitled to relief under Molina-Martinez v. United States, _ U.S. _, 136 S. Ct. 1338 (2016), and Rita v. United States, 551 U.S. 338 (2007). (Mov't Mem. at 7). Neither case changes the recommended outcome. Both Molina-Martinez (decided April 20, 2016) and Rita (decided June 21, 2007) were decided more than one year before Movant submitted his § 2255 motion for filing on June 17, 2017, and cannot render his motion to vacate timely under § 2255(f)(3).

2

States Supreme Court resolves <u>Dimaya</u>.[2]  (Mov't Resp. at 3, ECF No. 48).  Otherwise, Movant's response does not add significantly to his prior pleadings.

## II.    Discussion

Under the Antiterrorism and Effective Death Penalty Act's ("AEDPA"), a one-year statute of limitations applies to § 2255 motions.  <u>Beeman v. United States</u>, 871 F.3d 1215, 1219 (11th Cir. 2017).  The one-year statute of limitations runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

---

[2]As discussed below, this action is untimely, and the Court is aware of no authority to stay an untimely § 2255 motion in the hopes that a pending Supreme Court case will recognize a new right, favorable to the movant and retroactively applicable to cases on collateral review.

3

The one-year statute of limitations is subject to equitable tolling if the movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Thomas v. Attorney Gen., Fla., 795 F.3d 1286, 1291 (11th Cir. 2015) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted). In addition, under the fundamental miscarriage of justice standard, actual innocence provides an exception to the limitations period, "but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.'" Gore v. Crews, 720 F.3d 811, 817 (11th Cir. 2013) (quoting McQuiggin v. Perkins, _ U.S. _, _, 133 S. Ct. 1924, 1933 (2013)).[3]

"In order for a Supreme Court decision to restart the one-year statute of limitations under § 2255(f)(3), the decision must both (1) recognize a new right and

---

[3] "To show actual innocence of the crime of conviction, a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of the new evidence of innocence." McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (alteration in original) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). To the extent that an actual innocence exception extends to a sentence-enhancement claim, the movant must show that he is factually innocent of the qualifying offenses used to enhance his sentence; it is not enough to show that the offenses do not legally qualify to enhance his sentence. See id. at 1198-99 (declining to decide whether the actual innocence exception can be applied to a non-capital sentencing claim).

4

(2) be made retroactively applicable to cases on collateral review." Beeman, 871 F.3d at 1219.  The United States Supreme Court in Mathis, decided June 23, 2016, did not announce a new right for purposes of triggering application of § 2255(f)(3).

> [T]he district court properly determined that Mathis did not trigger a new statute of limitations that would have cured the motion's time-bar.  In Mathis, the Supreme Court held that a sentencing judge may look only to the elements of the offense, not the facts of the defendant's conduct, to determine whether a prior conviction is an ACCA predicate offense, even when a defendant's prior conviction involves a statute containing various factual means of committing a single element.  Mathis, 136 S. Ct. at 2251-57.  However, this Court has held that Mathis merely "provided guidance to courts in interpreting an existing criminal statute," and did not announce a new rule of constitutional law for purposes of allowing a defendant to file a second or successive § 2255 motion under § 2255(h). See In re Hernandez, 847 F.3d 1162, 1164 (11th Cir. 2017).  Likewise, Mathis did not recognize a new right that has been made retroactively applicable to cases on collateral review for purposes of triggering a new statute of limitations under § 2255(f).

Williams v. United States, No. 17-12822-G, 2017 WL 6607198, at *1 (11th Cir. Nov. 29, 2017).

Under § 2255(f)(1), Movant's convictions became final on April 23, 2014, on expiration of the fourteen day time-period for filing an appeal from the April 9, 2014, judgment against him, and his § 2255 motion was due by April 23, 2015.  There is no indication that § 2255(f)(2) or (4), the actual innocence exception, or equitable tolling apply, and Movant's reliance on § 2255(f)(3) fails.  Although Movant's motion was

5

submitted for filing within one year of the June 23, 2016, Mathis decision, as shown in the discussion in Williams, quoted above, Mathis does not trigger application of § 2255(f)(3). Although Johnson meets § 2255(f)(3) requirements, Johnson was decided on June 26, 2015, and any Johnson claim should have been filed by June 26, 2016. Beeman, 871 F.3d at 1219. The other cases relied on by Movant – Dimaya (a Ninth Circuit case), and Dean (a district court case) – are not United States Supreme Court cases and, thus, cannot render his motion to vacate timely under § 2255(f)(3).

Movant's § 2255 motion to vacate was due by April 23, 2015, or by June 26, 2016, at the latest, if based on Johnson, and his current motion, submitted for filing on June 17, 2017, is untimely.

### III. Certificate of Appealability (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

6

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, the prisoner in order to obtain a COA, still must show both (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Lambrix v. Sec'y, DOC, 872 F.3d 1170, 1179 (11th Cir.) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), cert. denied, _ U.S. _, 138 S. Ct. 312 (2017).

It is recommended that a COA is unwarranted because based on the record before the Court it is not reasonably debatable that Movant's motion to vacate is untimely. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## IV. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Respondent's motion to dismiss [45] be **GRANTED**, that Movant's motion [42] to vacate, set aside, or correct his federal sentence be **DENIED** and **DISMISSED** as untimely, and that a COA be **DENIED**.

7

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 15th day of February, 2018.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE