# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RICHARD LUCAS, JR., | |
| Movant, | 1:13-cr-114-WSD |
| v. | 1:17-cv-2478-WSD |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [49] ("Final R&R) recommending granting Respondent United States of America's ("Respondent") Motion to Dismiss [45] ("Motion to Dismiss"), denying and dismissing as untimely Movant Richard Lucas Jr.'s ("Movant") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to §2255 [42] ("Motion to Vacate"), and denying a Certificate of Appealability ("COA").

## I. BACKGROUND

On December 30, 2013, charged in a nine-count indictment, Movant pled guilty to one count of Use of a Firearm During a Crime of Violence, under 18

U.S.C. § 924(c)(1)(A)(i), and one count of Possession of a Firearm by a Convicted Felon, under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). As part of his guilty plea, Respondent agreed to dismiss the remaining counts. ([33.1] ¶ 11). On April 7, 2014, the Court sentenced Movant to 135 months imprisonment, which included 75 months for count nine, and 60 months for count eight, to run consecutively to count nine. ([41]). Movant did not file a direct appeal, and he is currently incarcerated with a projected release date of February 18, 2023. See Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 15, 2018).

On June 30, 2017, Movant, proceeding *pro se*, filed his Motion to Vacate asserting that, under various decisions[1] rendered after his conviction and sentencing, his prior Georgia convictions no longer qualify as predicates for sentencing purposes. Movant contends that his motion is timely under § 2255(f)(3) ([42] at 5, 13). On October 30, 2017, Respondent filed its Motion to Dismiss, arguing, inter alia, that this action should be dismissed as untimely because it was not filed within one year of Johnson and because Mathis, Dimaya, and Dean do not restart the federal one year limitations period under § 2255(f)(3). ([45] at 5-6).

---

[1] Movant cites: Mathis v. United States, __ U.S. __, 136 S. Ct. 2243 (2016); Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015); Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015), cert granted, __ U.S __, 137 S. Ct. 31 (2016); and United States v. Dean, 169 F. Supp. 3d 1097 (D. Or. 2016).

On February 15, 2018, the Magistrate Judge issued his Final R&R, recommending granting Respondent's Motion to Dismiss, denying Movant's Motion to Vacate, and dismissing the action. The parties have not filed objections.

## II. DISCUSSION

### A. Legal Standard

#### 1. Review of Magistrate Judge Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). Where, as here, no parties filed objections to the Final R&R, the Court reviews it for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

#### 2. AEDPA

Under the Antiterrorism and Effective Death Penalty Act's ("AEDPA"), a one year statute of limitations applies to § 2255 motions. Beeman v. United States, 871 F.3d 1215, 1219 (11th Cir. 2017). The one-year statute of limitations runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The one-year statute of limitations is subject to equitable tolling if the movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Thomas v. Attorney Gen., Fla., 795 F.3d 1286, 1291 (11th Cir. 2015) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted). In addition, under the fundamental miscarriage of justice standard, actual innocence provides an exception to the limitations period, "but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.'" Gore v. Crews, 720 F.3d 811, 817 (11th Cir. 2013) (quoting McQuiggin v. Perkins, _ U.S. _, _, 133 S. Ct. 1924, 1933 (2013)).

"In order for a Supreme Court decision to restart the one-year statute of limitations under § 2255(f)(3), the decision must both (1) recognize a new right and (2) be made retroactively applicable to cases on collateral review." Beeman, 871 F.3d at 1219. The United States Supreme Court in Mathis, decided June 23, 2016, did not announce a new right for purposes of triggering application of § 2255(f)(3).

> [T]he district court properly determined that Mathis did not trigger a new statute of limitations that would have cured the motion's time-bar. In Mathis, the Supreme Court held that a sentencing judge may look only to the elements of the offense, not the facts of the defendant's conduct, to determine whether a prior conviction is an ACCA predicate offense, even when a defendant's prior conviction involves a statute containing various factual means of committing a single element. Mathis, 136 S. Ct. at 2251-57. However, this Court has held that Mathis merely "provided guidance to courts in interpreting an existing criminal statute," and did not announce a new rule of constitutional law for purposes of allowing a defendant to file a second or successive § 2255 motion under § 2255(h). See In re Hernandez, 847 F.3d 1162, 1164 (11th Cir. 2017). Likewise, Mathis did not recognize a new right that has been made retroactively applicable to cases on collateral review for purposes of triggering a new statute of limitations under § 2255(f).

Williams v. United States, No. 17-12822-G, 2017 WL 6607198, at *1 (11th Cir. Nov. 29, 2017).

B.   Analysis

The Magistrate Judge found that, under § 2255(f)(1), Movant's convictions became final on April 23, 2014, on expiration of the fourteen day time-period for

5

failing an appeal from the April 9, 2014 judgment against him, and his Motion to Vacate was due by April 23, 2015. ([49] at 5). The Magistrate Judge further noted that there is no indication that § 2255(f)(2) or (4), the actual innocence exception, or equitable tolling, apply here. (Id.). The Magistrate Judge stated that, "although Movant's motion was submitted for filing within one year of the June 23, 2016, Mathis decision . . ., Mathis does not trigger application of § 2255(f)(3). (Id. at 6). The Magistrate Judge then found that, "[a]lthough Johnson meets § 2255(f)(3) requirements, Johnson was decided on June 26, 2015, and any Johnson claims should have been filed by June 26, 2016. (Id.). Finally, the Magistrate Judge found that the other cases relied on by Movant are not U.S. Supreme Court cases and, "thus, cannot render his [M]otion to [V]acate timely under § 2255(f)(3)." (Id.). The Court finds no plain error in the Magistrate Judge's findings and recommendations.

    C.    <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. 2253(c)." Fed. R. App. P. 22(b)(1).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted); see also Jones v. United States, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying Slack standard in a § 2255 case). It is not reasonably debatable that Movant's Motion to Vacate is required to be denied. A certificate of appealability is denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [49] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss [45] is **GRANTED**.

**IT IS FURTHER ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to §2255 [42] is **DENIED** and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**SO ORDERED** this 18th day of June, 2018.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE